interest thereon upon the ground that in making the investment in question he did not exercise the care and foresight that an ordinarily prudent man should have exercised in his own affairs.

*Samuel Seabury* and *E. C. Crowley* for appellant.

*Warren McConihe* for plaintiff, respondent.

*William H. Hamilton* and *Norman C. Conklin* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, McLAUGH-LIN, CRANE and ANDREWS, JJ. Not voting: POUND, J.

---

WILLIAM B. SISLER, Respondent, *v.* CHARLES DuBOURG et al., Appellants, Impleaded with Another.

*Labor unions — when members of executive board of local union restrained from interfering with employment of member of another local within their jurisdiction and held answerable in damages therefor.*

*Sisler* v. *DuBourg,* 199 App. Div. 916, affirmed.

(Argued October 17, 1922; decided November 21, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 28, 1921, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term. The complaint alleged that plaintiff was a member in good standing of Local Union No. 164 of Jersey City, International Brotherhood of Electrical Workers and that defendants, appellants, constituted the executive board of Local Union No. 3 of New York city of said brotherhood and that while working at his trade within the jurisdiction of said local No. 3 he was twice by order of the defendants, appellants, discharged from his employment and prevented from continuing therein and earning his livelihood. The judgment restrained and enjoined all the defendants, appellants, from in any wise interfering with the plaintiff obtaining employment in the jurisdiction of Local Union No. 3 of the International Brotherhood of Electrical Workers as defined in the constitution and by-laws of

said International Brotherhood of Electrical Workers, and the constitution and by-laws of the said Local Union No. 3, either personally or otherwise, or through any other persons acting under their command and instructions as agents, servants and employees, and also provided that the plaintiff recover from all the defendants, appellants, damages in the sum of $600.

*William D. Mc Nulty* for appellants.

*Nathan D. Levy* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

GEO. BOIKO & CO., INC., Respondent, *v.* ATLANTIC WOOLEN MILLS, INC., Appellant.

*Contract — sale — action to recover purchase price of goods sold — when title to goods sold passes to purchaser.*

*Boiko & Co., Inc.,* v. *Atlantic Woolen Mills, Inc.,* 195 App. Div. 207, affirmed.

(Submitted October 18, 1922; decided November 21, 1922.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered February 23, 1921, which affirmed a determination of the Appellate Term affirming a judgment of the City Court of the city of New York entered upon a verdict. The action was brought to recover the agreed price and reasonable value of two bales of khaki overcoat clippings at forty-five cents per pound, and one bale of worsted clippings at seventy-five cents per pound, claimed by the plaintiff to have been sold and delivered to the defendant. The question was whether the title to the goods passed from plaintiff to defendant, and the defendant wrongfully refused to pay. It was held that no place of delivery having been specified in the contract, the place of delivery was the seller's place of business and where the two bales of overcoat clippings were already made up and in a deliverable state at the time the written order was received by the plaintiff,